THE GENERAL SUPPLY AND CONSTRUCTION COMPANY, Appellant, *v.* ROBERT GOELET, Respondent, and THE UNIT CONCRETE STEEL FRAME COMPANY, Appellant, Impleaded with Others.

Contract — waiver — rescission — failure to complete building contract within time stipulated — waiver, by owner, of time as element of contract — damages for delay — wrongful termination of contract by owner — breach not waived by contractors bringing action to foreclose lien based upon a quantum meruit — owner entitled to counterclaim for damages suffered by failure to complete within stipulated time — erroneous allowance of damages actually suffered rather than stipulated damages fixed by contract — contractor entitled to interest on its claim.

1. Where by the terms of a building contract the entire building was to be completely finished at a stated time, in default of which the contractor agreed to pay to the owner a stated sum as liquidated damages for each day it should remain unfinished, and, the work not being completed at the time stipulated, the contractor was permitted by the owner to continue the work, the owner thereby waived time as an essential element of the contract, but none the less the failure to complete at the time fixed in the contract constitutes a breach and gives rise to a cause of action for damages caused by the delay.

2. Having indicated his purpose to keep the contract alive in spite of delays on the part of the contractor, the owner could not suddenly

abandon the purpose and treat as essential an element in the contract which he had previously waived, as ground for termination, and where, by another provision of the contract, the owner might terminate it at any time upon certificate of the architect that the work was being unreasonably delayed, the termination thereof without such a certificate or restoration of time as an element of the contract by notice to complete within a reasonable time, was wrongful.

3. A holding by the Appellate Division that even if the attempted rescission was wrongful the contractor acquiesced in such rescission by bringing this action to foreclose a lien based upon a *quantum meruit*, and, therefore, waived the owner's breach, is erroneous. The form of action may recognize that the express contract is terminated; it does not recognize that the termination was lawful or the result of agreement by the parties. There was no intention to waive and no position assumed by the contractor inconsistent with its present claim that the termination was wrongful.

4. Notwithstanding the owner's wrongful termination of the contract he is entitled to counterclaim for damages suffered by the plaintiff's failure to complete the work at the time fixed in the contract. The plaintiff asking for the reasonable value of the work is entitled to recover that value only subject to the owner's right to a set-off in the amount of the damage caused to him by failure to do that work within the time allowed by contract, regardless of whether or not the owner wrongfully prevented the plaintiff from completing the contract thereafter. The contractor is entitled to damages for such breach by the owner; the owner is entitled to damages for previous default by the contractor which could not be affected in any way by the owner's breach nor reduced below the amount then fixed by the passage of time.

5. It was error for the Appellate Division to allow to the owner the damages actually suffered rather than the stipulated damages fixed by the contract. The plaintiff's form of action does not show acquiescence in the termination of the contract and in any event since the defendant's counterclaim is based upon the plaintiff's breach of that contract, the terms of that contract measure the extent of plaintiff's obligation, and must be resorted to for the purpose of determining whether the plaintiff has defaulted in carrying out that obligation and the limit of liability the plaintiff assumed for such default.

6. Plaintiff is entitled to interest upon its claim (Lien Law, § 3) even though it be reduced by allowance for delay, the amount of which is not unliquidated, but stipulated.

*General Supply & Const. Co.* v. *Goelet,* 207 App. Div. 646, modified.

(Argued June 9, 1925; decided July 15, 1925.)

APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 29, 1924, modifying and affirming as modified a judgment entered upon the report of a referee in an action to foreclose a mechanic's lien.

*Franklin Nevins, Alfred C. Petté, Benjamin G. Paskus* and *Asa B. Kellogg* for appellants. The termination of the contract by the owner on March 23, 1908, was altogether wrongful and constituted a breach of the contract by him, because, having permitted the work to proceed after July 1, 1907, the time limit fixed in the contract was waived and he could not thereafter restore time as an element of the contract and exercise the right of rescission for delay in completion without first giving to the contractor notice to perform, within a reasonable time fixed in said notice, which he did not do. (*Fraenkel* v. *Friedman*, 199 N. Y. 351; *Steiger* v. *London*, 141 App. Div. 383; *Lawson* v. *Hogan*, 93 N. Y. 39; *Dunn* v. *Steubing*, 120 N. Y. 232; *St. Regis Paper Co.* v. *Santa Clara Lumber Co.*, 186 N. Y. 89; *Taylor* v. *Goelet*, 208 N. Y. 253; *Brede* v. *Rosedale Terrace Co.*, 216 N. Y. 246; *Leahy* v. *Lucius Eng. Co.*, 186 App. Div. 354; 227 N. Y. 660; *Simmons* v. *Ocean Causeway*, 21 App. Div. 30; *Pierson Co.* v. *American Steel Export Co.*, 194 App. Div. 555; *Elmohar Co.* v. *Philips*, 188 App. Div. 100.) There was no acquiescence by the contractor in the owner's action in evicting it from the work, or in the owner's attempted cancellation of the contract, and no waiver of the owner's breach of the contract. (*Raile* v. *Peerless A. P. Co.*, 192 App. Div. 506; *Clark* v. *Mayor, etc.*, 4 N. Y. 338; *Jones* v. *Judd*, 4 N. Y. 411; *Wright* v. *Reusens*, 133 N. Y. 298; *Simmons* v. *Ocean Causeway*, 21 App. Div. 30; *Day* v. *Eisle*, 76 App. Div. 304; *Purdy* v. *Nova Scotia Midland Ry. & Iron Co.*, 11 Misc. Rep. 406; *O'Dwyer* v. *Smith*, 38 Misc. Rep. 136; *Niles* v. *Sire*, 46 Misc. Rep. 321; *United*

*States* v. *Behen,* 110 U. S. 338.) In any event, there was no acquiescence in such cancellation by the defendant lienors and the referee and the Appellate Division so found. (*American Radiator Co.* v. *City of New New York,* 223 N. Y. 193; *Foshay* v. *Robinson,* 137 N. Y. 134.) Because of his wrongful act in terminating the contract the owner was not entitled to set off or recoup either liquidated or actual damages for delay in completion. (*Patterson* v. *Meyerhofer,* 204 N. Y. 96; *Leahy* v. *Lucius Eng. Co.,* 186 App. Div. 354; 227 N. Y. 660; *Kenneth* v. *Newgold,* 183 App. Div. 652.) The owner was not entitled to recover or recoup actual or general damages for delay, for the further reason that liquidated and special damages were the damages expressly pleaded. (*Ward* v. *Hudson River Building Co.,* 125 N. Y. 230; *Lampman* v. *Cochran,* 16 N. Y. 275; *Day* v. *Town of New Lots,* 107 N. Y. 148; *Romeyn* v. *Sickels,* 108 N. Y. 650; *Northam* v. *D. C. Mut. Life Ins. Co.,* 177 N. Y. 73; *Lamphere* v. *Lang,* 213 N. Y. 585; *Messmore* v. *N. Y. Shot Co.,* 40 N. Y. 422.) The contractor and the defendant lienor Unit Company are entitled to interest on the amount of their recovery from June 20, 1908, and April 10, 1908, respectively, or, in any event, from the time of the commencement of the action. (*Van Clief* v. *Van Vechten,* 130 N. Y. 571; *White* v. *Livingston,* 69 App. Div. 361; 174 N. Y. 538; *Faber* v. *City of New York,* 222 N. Y. 255; *Blackwell* v. *Finlay,* 233 N. Y. 361; *Van Rensselaer* v. *Jewett,* 2 N. Y. 135; *McMahon* v. *N. Y. & Erie R. R. Co.,* 20 N. Y. 463; *Mygatt* v. *Wilcox,* 45 N. Y. 306; *McCullum* v. *Seward,* 62 N. Y. 316; *Mercer* v. *Vose,* 67 N. Y. 56; *White* v. *Miller,* 78 N. Y. 393; *Robbins* v. *Carll,* 93 N. Y. 656.)

*Frederick Hulse* and *Harry N. French* for respondent. The contractor having been in default for nearly nine months to complete its contract, and the owner being then justified in concluding that the contractor would not

finish the work within any reasonable time, the owner had the right to take over the work of completing the building on March 21, 1908, paying the plaintiff for the services it had rendered, but deducting therefrom the damages that he had suffered. (*Wyckoff* v. *Taylor*, 13 App. Div. 240; *Dillon* v. *Masterson*, 10 J. & S. 176, 181.) Even if it be assumed that the defendant owner was not acting within his rights in taking over the work, the plaintiff having insisted on full compensation must allow the defendant owner's claim for damages as a set-off. (*Lennon* v. *Smith*, 124 N. Y. 578; *Shaw* v. *Republic Life Ins. Co.*, 69 N. Y. 286; *Burgie* v. *Hicks*, 203 Fed. Rep. 340; *Bovee* v. *Barrett*, 116 App. Div. 20; *Schulze* v. *Farrell*, 142 App. Div. 13.) The allegations of the defendant owner's answer are such as to permit him to recover either actual general damages or actual special damages or liquidated damages. (*Winter* v. *American Aniline Co.*, 236 N. Y. 199.) The plaintiff is not entitled to interest. (*Anthony* v. *Moore & M. Co.*, 135 App. Div. 203; *Delafield* v. *Village of Westfield*, 41 App. Div. 24; 169 N. Y. 582; *Excelsior Terra Cotta Co.* v. *Harde*, 181 N. Y. 11; *Sweeney* v. *City of New York*, 173 N. Y. 414; *Coates* v. *Village of Nyack*, 127 App. Div. 153; *Chambers* v. *Boyd*, 116 App. Div. 208; *Zimmerman* v. *Loft*, 125 App. Div. 725; *Shafer Fruit & Cold Storage Co.* v. *Upton Cold Storage Co.*, 133 App. Div. 796; *Fox* v. *Davidson*, 111 App. Div. 174; *Beckwith* v. *City of New York*, 121 App. Div. 462; *O'Reilly* v. *Mahoney*, 123 App. Div. 275.)

LEHMAN, J. On or about the 22d day of August, 1906, the plaintiff entered into a written contract with the defendant Goelet whereby the plaintiff obligated itself to provide all the material and perform all the work for the erection of the " mason work, structural iron and steel work and carpenter work " in connection with a building on premises owned by Goelet. The contract provided that " the entire building is to be completely

finished and shall be ready for occupancy on or before the 1st day of July, 1907, and in default thereof the Contractor shall pay to the Owner the sum of Two Hundred Dollars as liquidated damages for each and every day that the said building shall remain uncompleted and unfinished and not ready for occupancy, after the date above mentioned."

The work was not completed on July 1st, 1907, and the plaintiff was permitted by the owner to continue performance of the work. The owner thereby waived time as an essential element of the contract (*Taylor* v. *Goelet*, 208 N. Y. 253); but none the less the failure to complete at the time fixed in the contract constitutes a breach and gives rise to a cause of action for damages caused by the delay. (*Deeves & Son* v. *Manhattan Life Insurance Co.*, 195 N. Y. 324.) The work was still far from finished on March 23d, 1908, and on that date the owner, against the plaintiff's protest and resistance, ejected the plaintiff from the premises and prevented it from proceeding with the work under the contract. The Appellate Division has made a finding that at that time the defendant Goelet was justified in concluding that the plaintiff would not, within any reasonable time, finish the work of erecting the building.

The continued delays of the contractor in the past might perhaps reasonably give rise to the inference that it would not proceed with reasonable speed in the future. We may assume that at the time the owner put the contractor off the work, he had, with reason, ceased to hope or expect that the contractor would mend his ways, yet the owner had no right to terminate the contract in the manner he did. He had provided in the contract protection for himself against unreasonable delays on the part of the contractor, *first,* by stipulating that the work must be completed by a definite date; *second,* by provision for stipulated damages for each day's delay in the completion of the work after that date; *third,* by provision

that the owner might terminate the contract at any time upon certificate of the architect that the work was being unreasonably delayed and that such delay was sufficient ground for termination of the contract. He terminated the contract and ejected the contractor, not for failure to complete the work in the contract time, but for unreasonable delay thereafter, and he failed to comply with the provision of the contract which made the architect's certificate a condition precedent to the right to take such action. Though he may have been justified, as the Appellate Division has held, in his belief that the contractor would not thereafter mend his ways and finish the work within a reasonable time, yet where such delay did not amount to abandonment he could not rescind the contract for that reason, except according to its terms. (*Brady* v. *Oliver*, 125 Tenn. 595; *McTague* v. *Sea Isle C. L. & Building Assn.*, 57 N. J. L. 427; *Taylor* v. *Goelet*, 208 N. Y. 253.) He was not left entirely at the mercy of a dilatory contractor, even if the architect did not find and refused to certify that the contractor's delays were sufficient ground for termination. Though time was waived as an essential element of the contract, it could be restored by notice to complete within a reasonable time stated in said notice. (*Taylor* v. *Goelet*, *supra*.) Having indicated purpose to keep the contract alive in spite of delays on the part of the contractor, the owner could not suddenly abandon the purpose and treat as essential an element in the contract which he had previously waived, as ground for termination. (*Brede* v. *Rosedale Terrace Co.*, 216 N. Y. 246.) The termination of the contract in this case without the required previous notice and without a certificate from the architect in accordance with the terms of the contract was wrongful.

After the attempted termination of the contract the plaintiff brought this action to foreclose his lien for the reasonable value of the work done and the materials furnished. The courts below have found that the plaintiff

is entitled to recover such value. The defendant owner does not seriously dispute his obligation or claim that under the circumstances even a right to terminate the contract in the manner attempted would justify a refusal to pay for work performed or material furnished while the contractor was allowed to continue performance of the work. The substantial dispute between the parties upon this appeal concerns the question of whether the owner, in spite of his refusal, which we must hold was wrongful, is entitled to offset or counterclaim for damages suffered by the plaintiff's failure to complete the work at the time fixed in the contract.

The Appellate Division has held that even if the attempted rescission was wrongful the plaintiff acquiesced in such rescission by bringing this action to foreclose a lien for the value of labor and materials furnished and, thereby, waived the owner's breach. It seems to us that the form of action which the plaintiff has chosen for the vindication of the rights which he had after he was put off the work may not be given such effect. While the right to recover the value instead of the agreed price of the labor and materials furnished may be said to be based upon an implied contract, that contract was implied in law and not by intention of the parties when the owner wrongfully terminated the contract. The form of action may recognize that the express contract is terminated; it does not recognize that the termination was lawful or the result of agreement by the parties. If complete performance by the owner was a condition precedent to his right to recover for damages suffered by failure on the part of the contractor to finish the work in accordance with the contract, if performance by the contractor was thwarted by failure of performance on the part of the owner, it is clear that the owner's breach of contract was not waived by the contractor. There was no intention to waive and no position assumed by the contractor inconsistent with its present claim that the termination was wrongful.

Wrongful interference with the work could not, however, have thwarted the contractor in performance of his obligation to complete the work eight months before that interference, and by its nature it could not have constituted the breach of a condition precedent to the contractor's obligation to complete at the time set. On July 1, 1907, the plaintiff was in default under his contract. That default gave rise to a claim for damages caused by the delay of the contractor and a right to terminate the contract. Failure to enforce the right to terminate the contract promptly constitutes to that extent a waiver of the default, but we have repeatedly held that it constituted no waiver of the claim for damages. Speed or delay on the part of the contractor in thereafter completing the work might diminish or increase the consequential damages suffered by the owner through the contractor's failure to complete at the stipulated time, but no speed could wipe out completely the contractor's failure to comply with his contractual obligation nor deprive the owner of his right to consequent damages. The value of completion of the contract thereafter would be less than its value at the stipulated time. The time of ultimate completion merely fixes the amount of damages; the basis of the cause of action is the breach of the contractor's obligation to complete at the earlier date. When the contractor was put off the work, the owner had suffered damage by the failure of the contractor to complete eight months before, during which time the owner lost the use of the building. Nothing the contractor was prevented from doing or could possibly do would wipe out the damage. So it has been held that in an action for failure to complete a building on August 1st, a plea that the contractor had nearly performed the work on September 1st and was prevented from completing by the plaintiff is insufficient. (*Shields* v. *Perkins*, 2 Bibb [Ky.], 227. See, also, *Shute* v. *Hamilton*, 3 Daly, 462.) The plaintiff herein, asking for the reasonable

value of the work, is entitled to recover that value only subject to the owner's right to a set-off in the amount of the damage caused to him by failure to do that work within the time allowed by contract, regardless of whether or not the owner wrongfully prevented the plaintiff from completing the contract thereafter. The contractor is entitled to damages for such breach by the owner; the owner is entitled to damages for previous default by the contractor which could not be affected in any way by the owner's breach nor reduced below the amount then fixed by the passage of time.

The question still remains whether the damages which the owner may set off are the stipulated damages of $200 per day fixed by the contract, or the actual damages suffered. After the first trial of the action the Appellate Division reversed a judgment in favor of the plaintiff (149 App. Div. 80, 87), and in directing a new trial stated that the damages to which the owner was entitled were his actual damages, and that in view of the fact that the plaintiff's cause of action is based upon a *quantum meruit* the contract " no longer governs, and is to be resorted to only to determine how long plaintiff was in default in completing the work. In that view, the owner's damages are limited to the period between the time when the contractor agreed to perform and the time when the owner prevented further performance." In accordance with the rule so enunciated, the Appellate Division after the second trial allowed the damages actually suffered, though the amount of these damages is larger than the amount of the stipulated damages. There is evidence that damages were actually suffered in the amount allowed, but since we are of opinion that the plaintiff's form of action does not show acquiescence in the termination of the contract and in any event since the defendant's counterclaim is based upon the plaintiff's breach of that contract, the terms of that contract measure the extent of plaintiff's obligation, and must be resorted

to for the purpose of determining whether the plaintiff has defaulted in carrying out that obligation and the limit of liability the plaintiff assumed for such default. The Appellate Division has correctly resorted to the contract to determine that, under its terms, delay on the part of the owner, even though it might have contributed to plaintiff's failure to complete the contract at the stipulated date, could not affect the plaintiff's obligation under the terms of the contract unless claim for extension of time is presented to the architect and allowed by him. No reason is shown why the agreement of the parties for stipulated damages should not be given similar effect in measuring plaintiff's liability. The allowance of damages to the defendant in the sum of $62,794 as an offset to plaintiff's claim should be reduced to the sum of $52,800, the amount of the stipulated damage from July 1st, 1907, to March 21st, 1908.

The courts below have refused to allow the plaintiff interest upon its claim. The Lien Law (Cons. Laws, ch. 33, section 3) provides that a contractor has a lien for the " principal and interest of the value or the agreed price " of labor or materials furnished. The contractor has the right to expect prompt payment for work and materials; the statute contemplates that if payment is withheld he is entitled to interest until payment is made. While even under the Lien Law interest may not be allowed where the claim is reduced by allowance upon an unliquidated counterclaim (*Excelsior Terra Cotta Co.* v. *Harde,* 181 N. Y. 11), we are not disposed to limit the language of the statute beyond its fair construction so that it would deprive a lienor of right to interest upon the reasonable value of labor and materials furnished which are not of extraordinary character, though the claim be reduced by allowance for delay, the amount of which is not unliquidated but is stipulated. The defendant for a period of many years has failed to pay the plaintiff the excess of the value of its work over the stipulated damages for delay.

Compensation to the plaintiff is incomplete unless accompanied by interest upon this excess.

The judgment of the Appellate Division should be modified as indicated, and as modified affirmed, without costs to either party as against the other.

HISCOCK, Ch. J., MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO, J., concurs in result; POUND, J., absent.

Judgment accordingly.