■ VINCENT J. LICATA, Respondent, v. PETER J. MARRA et al., Appellants. — Judgment modified on the law and facts in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. New findings of fact made. Memorandum: The finding of the Referee, that there were no deviations which were not agreed upon by the parties, was proper. However, we hold that certain changes so made resulted in a special contract. That contract provided for a change in the number and position of the basic I-beams to be done at no additional cost to the owner and to be done properly. The work was done, but not properly, and had to be rectified. The fair and reasonable value of the corrective work and materials was $1,497.60. Upon argument counsel for respondent conceded that if we should find that appellants had incurred additional costs by reason of the need to correct respondent's work he would agree to this credit. We so find and that amount should be credited upon the judgment of the Referee and as so modified the judgment should be affirmed. (Cf. *General Supply & Constr. Co.* v. *Goelet*, 241 N. Y. 28.) All concur, except Williams, P. J., and Bastow, J., who dissent and vote for reversal and a new trial, in the following memorandum: We would reverse the judgment appealed from and grant a new trial. Following our prior affirmance of the judgment the attorney for appellants moved for reargument. It was asserted that counsel for respondent had conceded that the judgment should be modified by reducing the amount thereof in the sum of $1,400 for " the value of the correction " of defects in the work performed. Respondent's counsel in an answering affidavit stated that the claim of appellants arose from a chance remark made in the course of the argument " that if this Court should by some stretch of imagination find that the support for the weight bearing partition was not additional work * * * (respondent) would accept a modification of the judgment in the sum of $1,400." To resolve the dispute we ordered reargument. Thereupon respondent's counsel stated that if the work was found by the court to be " corrective " and not " new work " appellants were entitled to a setoff of either $1,400 or $400. The majority is now implementing this statement by reducing the judgment in the sum of $1,497.60. We are unable to agree with this result. We find no evidence in this record that the corrective work cost any such amount. An architect, who testified for appellants, stated that the fair cost for the corrective work " was approximately $400." We are at a loss to understand upon what proof the majority makes a finding that the fair and reasonable cost of the corrective work was $1,497.60. The only evidence as to this amount was the testimony of a contractor that the cost of corrective work plus many other items would aggregate $1,497.60. The items were not broken down or separated as between corrective and new work and any finding that the fair and reasonable cost of the corrective work was the amount fixed by the majority is purely speculative and finds no support in the testimony of this witness or elsewhere in the record. In our opinion a new trial should be had to explore this and all other issues. A judgment should not be modified in the absence of proper findings that are founded upon proof in the record. (Reargument of appeal from judgment of Niagara Supreme Court, for plaintiff in an action to foreclose a

mechanic's lien.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.