■ EMIL GRUENBERG, Doing Business as EMIL GRUENBERG AND ASSOCIATES, Respondent, v. UNITED STATES OF AMERICA, Appellant, and CLIFFORD F. HART et al., Respondents, et al., Defendants.— Order and judgment granting summary judgment to plaintiff and defendants Hart and others, unanimously modified, on the law, to delete the allowance of interest on the claims of plaintiff-respondent and defendants-respondents and, as so modified, affirmed, without costs or disbursements. We agree with the reports of Special Referee Gerald Mazur (set forth in the record on this appeal), one made November 12, 1964 in *Matter of Haskell Constr. Co.,* confirmed by order of Mr. Justice IRVING L. LEVEY (N. Y. L. J. January 13, 1965, p. 14, col. 7) and the other made February 2, 1966 in the *Matter of States Development Corp.,* confirmed by order of Mr. Justice THOMAS DICKENS (N. Y. L. J. March 7, 1966, p. 17, col. 2), that interest may not be allowed as part of the "cost of improvement" claimed under article 3-A of the Lien Law. In sections 3 and 5 of the Lien Law it is expressly provided that the lien afforded includes interest on, as well as the principal amount of, the claim. (See *General Supply & Constr.*

*Co.* v. *Goelet*, 241 N. Y. 28, 38.) Article 3-A of the Lien Law, however, omits reference to interest but provides trust protection for the "cost of improvement". (Lien Law, § 71, subds. 1, 3, par. [a]). Under subdivision 5 of section 2 of the Lien Law "cost of improvement" is defined in detail, but interest on the "cost" is not included except interest charges on prior existing mortgages and on building loan mortgages. It appears to be the policy of the State as contained in article 3-A of the Lien Law to give preferred trust protection to the original "cost of improvement" as limited by the definition of that phrase. The argument that normally interest lawfully accrues on an unpaid liquidated claim as a part of the whole of such claim is of no avail in the face of the special language of article 3-A and the apparent policy of the law. That argument is one for the Legislature. The determination here made is, of course, without prejudice to the lienors' rights with respect to interest under other provisions of the Lien Law (Lien Law, §§ 3, 5, 79). Concur — Botein, P. J., Stevens, Tilzer, Rabin and Witmer, JJ.