137 N.J. Super. 294 (1971)
349 A.2d 65
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, A MINNESOTA CORPORATION AUTHORIZED TO TRANSACT BUSINESS IN NEW JERSEY, PLAINTIFF-APPELLANT,
v.
NEW JERSEY BANK AND TRUST COMPANY, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT, THIRD-PARTY PLAINTIFF-RESPONDENT, CROSS-APPELLANT,
v.
CHARLES W. ACKERMAN, INC., A NEW JERSEY CORPORATION; ASSOCIATED ENGINEERS, INC., A NEW JERSEY CORPORATION; CHARLES W. ACKERMAN AND CAROLYN P. ACKERMAN, THIRD-PARTY DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 11, 1971.
Decided May 18, 1971.
*296 Before Judges KILKENNY, HALPERN and LANE.
Mr. Bernard L. Albert argued the cause for plaintiff-appellant (Messrs. Cole, Berman & Belsky, attorneys; Mr. Albert on the brief).
Mr. Allan A. Maki argued the cause for defendant, third-party plaintiff-respondent and cross-appellant (Messrs. Corbin & Maki, attorneys; Mr. Maki on the brief).
Mr. Sheldon Schachter argued the cause for third-party defendants-respondents (Messrs. Kleinberg, Moroney, Masterson & Schachter, attorneys; Mr. Schachter on the brief).
PER CURIAM.
Plaintiff appeals from a judgment in its favor in the amount of $9,002 together with interest against defendant New Jersey Bank and Trust Company (bank), which judgment denied a recovery sought by plaintiff in excess of that amount. Defendant bank cross-appeals from the judgment awarding $9,002 and interest and further appeals from a judgment dismissing its third-party complaint against Charles W. Ackerman, Inc. (CWA), Associated Engineers, Inc. (Associated), Charles W. Ackerman, president of both corporations and Carolyn P. Ackerman his wife.
Associated is a corporation of the State of New Jersey engaged in plumbing and heating contracting. CWA was incorporated by Ackerman specifically for the purpose of contracting for jobs in New York State. The bank extended credit to Associated and as security obtained an assignment from CWA of its accounts receivable. This litigation arises out of a contract entered into by CWA with Leon D. De Matteis & Sons, Inc. (De Matteis), dated July 18, 1962, under which CWA was to perform heating and oil burner work for a project known as River Terrace Apartments in New York City. The contract price was not to exceed *297 $310,000. In fact, the cost of the contract far exceeded that amount. Actual expenditures by CWA were in excess of $398,000.
Plaintiff, as the surety on CWA's perfomance bond, was called upon to complete the job. Plaintiff paid $113,015 to laborers and materialmen. In this action it seeks to recover that amount as subrogee to laborers and materialmen, on the theory that payments made by De Matteis under the contract which came into the hands of the bank constituted trust funds under the New York Lien Law which were diverted by the bank.
During the course of the contract De Matteis made payments to CWA of approximately $308,000. Of these payments $127,367 was sent to the bank by CWA. The bank placed the funds in its cash collateral account over which it alone had control. Almost immediately all of these funds, with the exception of $9,002, were deposited in the general checking account of CWA in the bank. The $9,002 was applied by the bank in reduction of its loan to Associated which was unconnected to the CWA contract.
On a motion for summary judgment the trial judge held that the New York Lien Law was applicable. We agree with this holding substantially for the reasons stated by the judge.
At the conclusion of plaintiff's case the judge granted defendant's motion and dismissed the complaint insofar as it sought to recover any sum in excess of $9,002. We agree with this ruling substantially for the reasons stated.
At the conclusion of defendant's case, the trial judge in a letter opinion ruled in favor of defendant as to the $9,002 on the ground that the bank had no actual knowledge of the trust and did not have such facts "as would reasonably put it upon inquiry or charge it legally with knowledge of the existence of the trust." Upon plaintiff's motion for modification and supplementation of the findings and letter opinion, the judge held that under a case then recently decided by the Court of Appeals of New York, Caristo Const. Corp. v. *298 Diners Financial Corp., 21 N.Y.2d 507, 289 N.Y.S.2d 175, 236 N.E.2d 461 (1968), the bank was liable for the funds which it used to pay itself the amount due to it from Associated. Judgment was therefore entered in favor of plaintiff and against the bank for $9,002, together with interest from September 1, 1963 (a compromise date).
We agree that the bank is liable to plaintiff for $9,002. The fact that CWA paid approximately $350,000 to laborers and materialmen on the job in addition to the $113,015 paid by plaintiff, is no defense. If the $9,002 trust funds under the New York Lien Law had been devoted to the trust purposes, i.e., to pay laborers and materialmen on the River Terrace Apartments job, the plaintiff's obligation would have been reduced by $9,002. Plaintiff showed damage for which it was entitled to recover under the principles of Caristo Const. Corp. case, supra.
Defendant argues that in any event interest should not have been allowed on the award against it, relying upon Gruenberg v. United States, 29 A.D.2d 527, 285 N.Y.S.2d 962 (App. Div. 1967). Sections 3 and 5 of the New York Lien Law relate to mechanics' liens and specifically allow the recovery of interest. Gruenberg held that interest was not to be included in a recovery for a diversion of trust funds by an owner (§ 71 (1)). As we have pointed out, the rights of the parties are governed by New York law. We accept Gruenberg as correctly setting forth the New York rule. The reasoning of Gruenberg is clearly applicable to the claim asserted here. Insofar as the judgment allowed interest, it was in error and will be reversed.
Finally, the trial judge held that the bank was not entitled to indemnity from the third-party defendants under a written guarantee agreement, on the theory that the bank would not have been liable to plaintiff if it had filed a notice of lending as provided in the New York Lien Law. The judge reasoned that since the bank had failed to protect the security put in its possession, the obligation of the surety was extinguished *299 to the extent of the value of the securities left unprotected.
Section 73 of the New York Lien Law provides that in an action against a person to whom trust assets have been transferred to recover for diversion, the transferee, after a notice of lending has been filed in accordance with that section, may show by way of affirmative defense that "the transfer was made as security for or in consideration of or in repayment of advances made to or on behalf of the trustee in accordance with such notice of lending and that such advances were actually applied for a purpose of the trust as stated in subdivision one or subdivision two of section seventy-one of this chapter."
We fail to see how this provision has any applicability whatsoever. Under the facts of this case, the filing of a notice of lending would have been irrelevant because the bank did not advance any money for the River Terrace Apartments job. The dismissal of the third-party complaint will be reversed. Since there are other defenses raised by the third-party defendants, the matter will be remanded to the trial court for disposition of those defenses in an appropriate manner.
The judgment is modified to delete the provision for interest and reversed insofar as it dismissed the third-party complaint. The matter is remanded to the trial court for further proceedings consistent with this opinion.