ESTATE OF EDWARD L. RICHTER, Deceased, by ALBERT F. BEITEL, as Executor, Appellant, *v.* Novo CORPORATION, Respondent.

First Department, November 20, 1973.

*George Berkowitz* for appellant.

*Anthony J. D'Auria* of counsel (*Cole & Deitz*, attorneys), for respondent.

*Per Curiam.* Edward L. Richter in his lifetime owned the controlling shares of Wings and Wheels Express, Inc. (Wings), a corporation engaged in the air freight business. His estate desired to sell the block of stock and entered into a written contract with defendant to effect this. The defendant was engaged in a similar business and by the purchase intended to make some kind of merger of the two companies. Such a transaction required the approval of the Civil Aeronautics Board (CAB), and the contract was conditioned upon obtaining that approval. It was the usual CAB procedure to place conditions on its approval, and the contract provided that both parties would agree to reasonable conditions. Defendant was obligated under the agreement to deposit $310,000, which would be a first installment of the purchase price of $6,200,000. The contract further provided that if defendant buyer failed or refused to comply with the contract the deposit should be paid to plaintiff as liquidated damages " and thereafter, each party shall be free and clear of all claims against the other." In the event the contract failed for any other reason, the escrow payment was to be returned to the defendant.

A joint application was made to the CAB by both parties. Approval was granted subject only to defendant's submitting a merger plan by a specified date. Despite the fact that defendant had itself suggested such a condition to the CAB at an even earlier date, defendant announced that it deemed the condition unreasonable and demanded the return of the escrow deposit from the escrow agent.

The first cause of action seeks an injunction against transfer of the escrow deposit. This cause of action is not under attack. The second cause of action alleges in addition to the above that defendant, at some time during the proceedings before the CAB, resolved not to go through with the purchase but concealed this change of intent from the plaintiff, and that plaintiff was thereby prevented from seeking another buyer. As the market value

of the stock has decreased materially in the meantime, plaintiff seeks $3,000,000 in damages. The cause of action is styled for a breach brought about by fraud. The third cause of action seeks punitive damages and labels defendant's conduct as prima facie tort. Special Term dismissed the second and third causes of action "with prejudice."

As the basis of defendant's motion to dismiss for failure to state a cause of action is CPLR 3211 (subd. [a], par. 7) the provision for "prejudice" is improper. The most that can be done is, in a proper case, to deny leave to amend. Deleting this provision of the order, we are all in accord that the third cause of action states no ground for relief, and Special Term rightly dismissed it.

The second cause of action seeks damages in excess of what is recoverable. The provision for liquidated damages in the contract specifically limits the amount recoverable for the breach no matter how occasioned nor to what extent the actual damage may be (*General Supply & Constr. Co.* v. *Goelet,* 241 N. Y. 28; *Brownell* v. *Board of Educ.,* 239 N. Y. 369). As plaintiff points out, however, dismissal of this cause of action would leave plaintiff in the position that if it prevails on the action it will only succeed in tieing up the escrow fund but will not be able to recover it. While there is a possibility that recovery of the deposit might be allowable under the request for further relief, no pressing reason appears for leaving this question open. Plaintiff argues that the fact that it asks for more than is properly recoverable does not make the pleading demurrable and as the complaint does state grounds for recovery of the deposit it should stand. Here again all that would be accomplished would be to provide a possible ground for confusing the Trial Term which will hear the case. To avoid this we affirm dismissal of the second cause of action with leave to amend to plead a cause of action for the recovery of the deposit, and with further leave to join the escrow depository as a party.

The resettled order of the Supreme Court, entered February 22, 1973 in New York County, should be modified, on the law and on the facts, to allow plaintiff to replead the second cause of action in accord with this opinion, to allow plaintiff to join the escrow depository as a party, and to strike the provision that the dismissals of the second and third causes of action are with prejudice; and as so modified, the order should be affirmed, without costs or disbursements.

CAPOZZOLI, J. (dissenting). It seems to me that the contention of the plaintiff that a pleading is not demurrable merely because

4

it asks for more damages than what he may be legally entitled to, is sound. The majority does not indicate the particular defect which it finds in the second cause of action justifying its conclusion that that action is insufficient in law. The reason given that, under the circumstances of the case, permitting this cause of action to remain would " provide a possible ground for confusing the Trial Term which will hear the case ", is invalid. There is no reason for believing that the trial court would be confused. The second cause presents a breach of contract claim, and whether plaintiff is entitled to damages greater than those provided in the liquidated damage clause has no effect on the issue of whether a valid cause of action is pleaded. The damages which plaintiff can legally obtain must depend upon the evidence adduced at the trial. Therefore, I dissent from the conclusion reached by the majority insofar as it holds that the second cause of action is invalid and should be dismissed.

MARKEWICH, J. P., LANE and STEUER, JJ., concur in *Per Curiam* opinion; CAPOZZOLI, J., dissents in an opinion, in which NUNEZ, J., concurs.

Resettled order, Supreme Court, New York County, entered on February 22, 1973, modified, on the law and on the facts, to allow plaintiff to replead the second cause of action in accord with the *Per Curiam* opinion of this court filed herein, to allow plaintiff to join the escrow depository as a party, and to strike the provision that the dismissals of the second and third causes of action are with prejudice; and as so modified, the order is affirmed, without costs and without disbursements.