■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS COSTANZO, Appellant.—Judgment, Supreme Court, New York County, rendered on January 30, 1976, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Lupiano, J. P., Birns, Evans, Lane and Sullivan, JJ.

## (February 10, 1978)

■ In the Matter of IRMA V. SANTAELLA, Appellant, v ELRICH H. EASTMAN et al., Respondents.—Judgment, Supreme Court, Bronx County, entered on February 9, 1978, unanimously affirmed, without costs and without disbursements, for the reasons stated by McCooe, J., at Special Term. Concur—Lupiano, J. P., Birns, Silverman, Evans and Sullivan, JJ.

## (February 14, 1978)

■ RHODA LERNER, Appellant, v JULIA E. PERRY et al., Respondents.— Order of the Supreme Court, New York County, entered September 26, 1977, dismissing the complaint on the ground that appellant is limited in her recovery to the provisions of the liquidated damages clause in the contract, unanimously affirmed, without costs or disbursements, without prejudice to service of an amended complaint seeking one half of one month's maintenance pursuant to letters of January 17 and 18, 1977, or to institution of suit for such maintenance in an appropriate court. The contract for the sale of appellant's apartment included a liquidated damages clause wherein appellant's "sole remedy" in the event of default by respondents was the retention of the $13,500 down payment. In the circumstances of this case where respondents defaulted after securing an extension of the closing, there is no basis in law for appellant's contention that her claim was for extraneous fraud and not for breach of contract and thus not limited by the contractual provision for liquidated damages. (See *Regnell v Page,* 54 AD2d 540; *Estate of Richter v Novo Corp.,* 43 AD2d 1.) Nor can appellant predicate such claim upon the assertion that she assumed the "burdensome" task of removing all her belongings and property from the apartment because of respondents' assurances at the time of the extension, inasmuch as appellant was obligated by the contract of sale to deliver the apartment "broom-clean" to respondents. However, the letters of January 17 and 18, 1977 may be construed as a modification of the contract to the extent of entitling appellant to such amount as equals one half of one month's maintenance of the apartment. Because such relief was not sought despite the fact that said correspondence was contained in appellant's complaint, appellant may serve an amended complaint herein or institute suit for such maintenance in an appropriate court. Concur—Kupferman, J. P., Birns, Silverman, Evans and Fein, JJ.