■ MAIMIS-KNOX GROUP, LTD., Respondent, v GRAND CENTRAL ZOCALO, LLC, et al., Appellants, et al., Additional Counterclaim Defendants. [771 NYS2d 888]—

Order, Supreme Court, New York County (Charles Ramos, J.), entered April 23, 2003, which, to the extent appealed from as limited by the briefs, granted plaintiff partial summary judgment and dismissed the first counterclaim of defendants Grand Central Zocalo and Shapiro, unanimously affirmed, with costs.

Plaintiff, the general contractor for construction at a restaurant to be operated at Grand Central Station by Zocalo and its principal, Shapiro, alleges breach of contract and nonpayment for work performed, seeking a balance due of $257,233.80. Defendants counterclaim, inter alia, that delays in completing the work, attributable to the additional counterclaim defendants, caused them four months worth of lost profits, estimated at more than $400,000.

In order to recover lost profits, the claimant must demonstrate that at the time the construction contract was executed, the parties contemplated economic loss as a potential basis for damages in the event of construction delays (*Kenford Co. v County of Erie*, 73 NY2d 312 [1989]). Aside from the speculative nature of anticipated profits from a start-up restaurant business, the sole proof that the parties had contemplated Zocalo's entitlement to economic loss in the event that construction was not timely completed is article 4 of the contract, which called for the job to be finished by a date certain. The agreement did not otherwise state that time was of the essence, or that damages for construction delays would include those related to eco-

nomic loss. Moreover, Zocalo offered no extrinsic evidence that the parties had ever discussed economic loss as a potential basis for damages in the event of construction delays. Concur—Tom, J.P., Andrias, Sullivan and Friedman, JJ.