OPINION OF THE COURT
Per Curiam.
Judgment and order, entered, respectively, December 17, 2012 and April 8, 2013, reversed, without costs, judgment vacated, and defendant’s motion granted to the extent of vacating the verdict on damages and directing a new trial on damages consistent with this decision.
Where a matter is tried without a jury, the authority of this court on appeal “is as broad as that of the trial court . . . *55 and . . . as to a bench trial [we] may render the judgment [we] find[ ] warranted by the facts, taking into account in a close case ‘the fact that the trial judge had the advantage of seeing the witnesses’ ” (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). Here, the trial court’s liability verdict in favor of plaintiff tenant on her breach of lease cause of action was warranted by the facts, including evidence demonstrating that, despite plaintiff’s repeated complaints to building employees, her commercial tenancy was plagued by what the trial court fairly described as “rampant leaks and flooding,” which were sufficiently shown to have emanated from other portions of the building premises that were under defendant’s control. In these circumstances, liability was properly fastened upon defendant, notwithstanding the “as is” nature of the parties’ lease agreement and the provisions of lease paragraph 13 purporting to exempt defendant from liability for, in effect, any and all water leaks (see General Obligations Law § 5-321; Gross v Sweet, 49 NY2d 102, 107 [1979]; Breakaway Farm, Ltd. v Ward, 15 AD3d 517, 518 [2005]).
However, the court’s damage awards are not sustainable on this record. Plaintiffs claim for lost profits should have been dismissed for lack of proof. Even putting aside the question of whether the parties contemplated lost profits as a potential basis for damages in the event of defendant’s breach (but see Maimis-Knox Group v Grand Cent. Zocalo, 5 AD3d 129, 130 [2004]), plaintiff failed to provide a basis for calculating this item of special damages with reasonable certainty based on known reliable factors (see Ashland Mgt. v Janien, 82 NY2d 395, 403 [1993]). Absent was any showing that plaintiff’s start-up hair salon was ever profitable (see VBH Luxury, Inc. v 940 Madison Assoc., LLC, 100 AD3d 563 [2012]) or of the profitability of other nearby comparable enterprises (see Blinds to Go [U.S.], Inc. v Times Plaza Dev., L.P., 88 AD3d 838, 839-841 [2011]). Indeed, plaintiff was unable to articulate any proper basis for her estimated lost profits of between $10,000 and $12,000, stating on cross-examination only that those figures “more or less” represented “the damages [she] received, also a lot of emotional damage and physical damage.”
 A new trial is warranted in connection with the other items of damages. With respect to plaintiffs property damage claims, the court awarded plaintiff an aggregate recovery of $9,775, even though plaintiffs own receipts for such charges, to the extent decipherable, appear to total no more than $5,500. *56 As to plaintiffs claimed entitlement to a return of rents previously paid, the record shows that, while the water problems in the demised space may have existed from the commencement of the lease in March 2011, tenant remained in possession until June 2012. Since there was no constructive eviction until that time (see Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77 [1970]) and tenant’s rental obligations remained extant during the interim, the court’s blanket award of the full amount of the rent paid during the plaintiffs tenure cannot stand (see West Broadway Glass Co. v I.T.M. Bar, 245 AD2d 232, 232 [1997]). Rather, the proper measure of plaintiffs loss vis-a-vis the rent is “the difference between the value of the leased premises as they were intended and the value as a result of the breach” (id.), an amount indeterminable on this record.
We have considered defendant’s remaining arguments and find them unavailing.
Lowe, III, EJ, Schoenfeld and Shulman, JJ., concur.