McPherson Bldrs., Inc. v Performance Premises, LLC (2019 NY Slip Op 02596)





McPherson Bldrs., Inc. v Performance Premises, LLC


2019 NY Slip Op 02596


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

526951

[*1]McPHERSON BUILDERS, INC., Appellant,
v
PERFORMANCE PREMISES, LLC, Respondent, et al., Defendant.

Calendar Date: February 14, 2019

Before: Clark, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Coughlin & Gerhart, LLP, Ithaca (Dirk A. Galbraith of counsel), for appellant.
The Crossmore Law Office, Ithaca (Edward Y. Crossmore of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered April 27, 2018 in Broome County, which denied plaintiff's motion for summary judgment.
In October 2016, plaintiff entered into a contract with defendant Performance Premises, LLC (hereinafter defendant) wherein plaintiff would provide labor and materials in connection with the first phase of the construction of a steel building on defendant's premises. Defendant intended to use the building as a performance arts and events venue. The contract contained a time is of the essence clause stating that plaintiff "shall substantially complete the [w]ork, no later than [85] days from the date of commencement" of the project — in this case, by December 30, 2016. When plaintiff did not substantially complete its work by this date, defendant did not terminate the contract. Rather, defendant permitted plaintiff to continue with its work, which was ultimately completed in May 2017. Defendant, however, did not pay plaintiff for its work expended after December 30, 2016.
In July 2017, plaintiff filed a notice of mechanic's lien asserting that it was owed $94,810. Plaintiff thereafter commenced this action to foreclose on its mechanic's lien. Defendant answered and asserted as an affirmative defense that plaintiff breached the contract by failing to comply with the time is of the essence clause in the contract. Defendant also asserted a counterclaim alleging that, as a consequence of plaintiff's breach of the contract, it incurred damages in the form of lost profits. After plaintiff submitted a reply to defendant's counterclaim, it moved for summary judgment on its claim and for dismissal of defendant's counterclaim. In April 2018, Supreme Court denied plaintiff's motion. Plaintiff appeals. We affirm.
We conclude that Supreme Court correctly denied that part of plaintiff's motion seeking summary judgment on its claim against defendant. It is undisputed that plaintiff did not comply with the contractual provision requiring that there be substantial completion by December 30, 2016. It is also undisputed that defendant allowed plaintiff to continue to work [*2]past this date. By doing so, plaintiff asserts that defendant waived any claim for damages. We disagree. Although defendant would be estopped from relying on plaintiff's failure to substantially complete its work by December 30, 2016 as a basis for terminating or rescinding the contract (see General Supply & Constr. Co. v Goelet, 241 NY 28, 36-37 [1925]; Schenectady Steel Co. v Trimpoli Gen. Constr. Co., 43 AD2d 234, 237 [1974], affd 34 NY2d 939, 940-941 [1974]), defendant did not waive any claim to damages caused by such failure (see General Supply & Constr. Co. v Goelet, 241 NY at 36-37; Deeves & Son v Manhattan Life Ins. Co., 195 NY 324, 330 [1909]). In this regard, once substantial completion of the work by plaintiff was not completed by December 30, 2016, "[n]othing [plaintiff] . . . could possibly do would wipe out the damage" suffered by defendant (General Supply & Constr. Co. v Goelet, 241 NY at 36). Indeed, as an affirmative defense to plaintiff's claim, defendant asserted that plaintiff breached the contract when it failed to comply with the time is of the essence provision. As such, although plaintiff is entitled to recover for its work performed after December 2016, any recovery is to be offset by any damages sustained by defendant due to plaintiff's failure to meet the required deadline as set forth in the contract (see id. at 36-37; D'Onfro v State of New York, 270 App Div 9, 13 [1945]). Furthermore, because plaintiff's claim is inextricably interwoven with defendant's counterclaim for lost profits, plaintiff is not entitled to summary judgment on its claim (see Boston Concessions Group v Criterion Ctr. Corp., 200 AD2d 543, 544 [1994]; compare Hussey v Leggio Agency, 299 AD2d 690, 691-692 [2002]).
Nor are we persuaded by plaintiff's assertion that termination of the contract was defendant's sole remedy once plaintiff did not achieve substantial completion. The contract stated that, if plaintiff was "guilty of substantial breach of a provision of the [c]ontract [d]ocuments," defendant "may terminate the [c]ontract." In view of this permissive language, defendant had the option to terminate the contract, but was not required to do so.
We also find that Supreme Court correctly denied that part of plaintiff's motion seeking dismissal of defendant's counterclaim for lost profits. "A party may not recover damages for lost profits unless they were within the contemplation of the parties at the time the contract was entered into and are capable of measurement with reasonable certainty. The rule that damages must be within the contemplation of the parties is a rule of foreseeability" (Ashland Mgt. v Janien, 82 NY2d 395, 403 [1993]; see Fitzpatrick v Animal Care Hosp., PLLC, 104 AD3d 1078, 1082 [2013]). Plaintiff's project manager testified in his deposition that he was aware that the contract provided for an 85-day substantial completion deadline, and the record discloses that some of the delays were avoidable. Defendant submitted an affidavit from one of its members, who averred that he advised plaintiff's project manager that the building, upon its completion, would be rented out to host plays, performances and events. The member further stated that, due to plaintiff's delay in completing its required work, defendant was unable to rent out the building in early 2017 as originally intended. Defendant also submitted affidavits from individuals of local businesses attesting to the rental rates that they would have paid had the building been completed on time, as well as the below-market rates that were charged when the building was being rented out prior to its completion. In view of the foregoing, plaintiff was not entitled to summary dismissal of defendant's counterclaim (cf. Coniber v Center Point Transfer Sta. Inc., 137 AD3d 1604, 1606 [2016]; compare Maimis-Knox Group v Grand Cent. Zocalo, 5 AD3d 129, 129-130 [2004]). Plaintiff's remaining contentions, to the extent not specifically discussed herein, have been examined and are without merit.
Clark, J.P., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.