## CASE v. CASE.

(Supreme Court, Appellate Division, Fourth Department.   March 9, 1910.)

1. CONTRACTS (§ 187*)—CONTRACTS FOR THE BENEFIT OF THIRD PERSONS.

   A contract binding defendant to maintain his mother for life in consideration that plaintiff, another son, to whom all the mother's property had been conveyed, burdened with his agreement to support her, would convey the property to defendant, is for the benefit of plaintiff, though entered into between defendant and the mother, for it relieves plaintiff from the contract obligation and legal duty to support the mother, and, on the failure of defendant to perform, plaintiff, recognizing his responsibility to support the mother, may sue on the contract.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 798, 804; Dec. Dig. § 187.*]

2. DAMAGES (§ 120*)—BREACH OF CONTRACT—MEASURE OF DAMAGES.

   The measure of damages is the fair value of the support furnished by plaintiff because of defendant's breach of contract, for that amount represents the sum which defendant would have been required to expend in the performance of his agreement.

   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 299, 300; Dec. Dig. § 120.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. PLEADING (§ 245*)—COMPLAINT—AMENDMENTS.**

    The allowance of an amendment to the complaint after plaintiff rested was not erroneous, where the amendment did not materially change the cause of action and did not surprise or mislead defendant, and did not require him to give additional proof.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 653, 664; Dec. Dig. § 245.*]

Appeal from Trial Term, Oswego County.

Action by Earl A. Case against Bert L. Case. From a judgment for plaintiff, and from an order denying a new trial on the minutes, and from an order made on the trial allowing plaintiff to amend the complaint, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

D. P. Morehouse, for appellant.

F. T. Cahill, for respondent.

SPRING, J. The parties are brothers. Their widowed mother, Caroline D. Sandford, owned a farm of 67 acres in the county of Oswego worth $2,500. In 1890 she conveyed this farm, which was all of her property, to the plaintiff, who thereafter received the avails therefrom and maintained and cared for his mother. In September, 1902, she entered into a written agreement with the defendant, whereby "in consideration of the uniting by said Caroline D. Sandford with Earl A. Case and wife in a deed to said Bert L. Case of the farm [mentioned] * * * and in consideration of natural love and affection said Bert L. Case has agreed and hereby agrees that commencing with March first, 1903, or such earlier time as said Earl A. Case and Caroline D. Sandford deliver up to him possession of said farm, he, said Bert L. Case, will in all things support and maintain said Caroline D. Sandford in a good and comfortable manner, in sickness and in health, providing for her a home, food, clothes and medicines and medical attendance when sick and suitable nursing when sick or when needed because of the infirmities of old age, all according to her station in life, but at such suitable place as said Bert L. Case may determine for and during her natural life." In pursuance of this agreement, the plaintiff conveyed the farm to the defendant, his wife and mother joining in the conveyance. The defendant went into possession by virtue of the deed and contract, and has been in the undisturbed possession since that time, receiving the benefits thereof. The mother at once commenced to live with the defendant and his family, and was maintained by him until her departure in March, 1906.

The claim on the part of the plaintiff and the mother is that the defendant failed to comply with the obligations he assumed in the contract. She testified that, during the years she remained with the defendant, she was not supported and maintained "in a good and comfortable manner." On the contrary, that she was not supplied with sufficient wholesome food, was inadequately clothed, ill treated by the defendant's wife and children, and for four months in the winter sea-

son was left alone in the house, obliged to get wood, keep up the fires, and provide her meals from scant food supply. The defendant and his family dispute much of the testimony of the mother. It does appear, however, without controversy, that the relations of the wife and children were not pleasant toward the mother. She was an old lady about 80 years of age, and probably complained and at times was ill tempered. She was entitled to respectful, considerate treatment, and to be suitably cared for, and the jury have found on conflicting evidence that the defendant did not fulfill his agreement to maintain her suitably. According to her testimony, the treatment she received became intolerable, and by reason of it she left the defendant's home in March, 1906, and has not lived with him since that time. She immediately commenced living with the plaintiff, and has been supported and cared for by him, at least to the commencement of the action, which was brought to recover damages for breach of the agreement referred to.

It is the claim of the defendant that there is no privity of contract with the plaintiff which will support the judgment. The plaintiff owned the farm. The title came from the mother. It is a reasonable inference that the son owning the farm was charged with the burden of maintaining her. There came a time when she desired to live with the defendant, and the agreement to consummate that desire was entered into. The entire consideration moving to the defendant for the undertaking he assumed was the conveyance of the farm, and his performance of the agreement was not to begin until its possession was delivered by the plaintiff. The performance of the agreement by the defendant inured to the plaintiff's benefit, in that he was relieved from taking care of his mother, as he had been doing when he had the title and possession of the farm. When the defendant repudiated the agreement, the mother returned to the plaintiff. As a son he was legally chargeable with her maintenance. She had no property, and could not hire any one to care for her. The property she originally owned belonged to the defendant. She may have been able to maintain an action against him to set aside the deed, or an action at law to recover damages for the breach of the agreement. She was 82 or 3 years of age, and must be sustained in some way, and the plaintiff assumed the burden which the defendant without cause unloaded upon him.

I think the agreement was for the benefit of the plaintiff. He was relieved from the maintenance of his mother, which was a legal obligation, by reason of the agreement with her when he obtained title to the farm, and was further exonerated from the legal duty which the law imposed upon him to provide for her. He had a legal interest in the performance of the contract by the defendant. Upon the failure of the defendant to fulfill, the plaintiff recognized his legal responsibility to support his mother in her indigence and old age, and from which the defendant had undertaken to discharge him, and the action is therefore maintainable. Buchanan v. Tilden, 158 N. Y. 109, 52 N. E. 724, 44 L. R. A. 170, 70 Am. St. Rep. 454; Durnherr v. Ran, 135 N. Y. 219, 32 N. E. 49; Van Cleave v. Clark, 118 Ind. 61, 20 N. E. 527, 3 L. R. A. 519.

There is no question that the amount recovered by the plaintiff represents the fair value of the support and maintenance of his mother during the time covered by the claim contained in the complaint. It therefore represents the amount which the defendant would have been required to expend in the performance of the agreement during that period, and is the fair measure of the damages accruing to the plaintiff.

I think the amendment to the complaint was properly granted, and it did not materially change the cause of action, and it did not surprise or mislead the defendant. No additional proof was required on his part in view of the amendment, and it was made after the plaintiff rested.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.