### PRITCHARD v. PRITCHARD.

(Supreme Court, Appellate Division, Second Department. October 27, 1911.)

DAMAGES (§ 120*)—BREACH OF CONTRACT—MEASURE OF DAMAGES.

Where a father furnished to a son the purchase price for real estate purchased by the son, on condition that the son should furnish him with a home for life, and the son admitted the contract and its terms, but breached it, and also refused to reduce the contract to writing as agreed to, the damages recoverable were those resulting from a failure of the son to perform, and the father could not obtain a return of the money furnished.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 291–305; Dec. Dig. § 120.*]

Appeal from Special Term, Kings County.

Action by Richard H. Pritchard against John T. Pritchard. From an order setting aside a verdict for plaintiff for $3,500, he appeals. Affirmed.

See, also, 134 App. Div. 301, 118 N. Y. Supp. 882.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

August P. Wagener, for appellant.
William B. Hurd, for respondent.

WOODWARD, J. The plaintiff brought an equitable action against this defendant and his wife, alleging the same state of facts pleaded in this action, and had judgment. This judgment was reversed, and a new trial granted; but the plaintiff discontinued that action, and instituted the present action at law to recover for a breach of the agreement set forth in the complaint and admitted in the answer.

The complaint alleges that the plaintiff, defendant's father, furnished $4,200, the purchase price of certain premises in the borough of Brooklyn, upon the condition that the defendant should furnish

the plaintiff a home and suitable medical and other attendance during his natural lifetime, and to give him a proper burial, and it is alleged that the defendant promised to put this agreement in writing. It is also alleged that the plaintiff went to live with the defendant in 1906, and that he continued to reside with the defendant until 1908, when he left the premises, because of—

"the continued violations by the defendant of the agreement, and of the wrongful acts on the part of the said defendant and his wife, Ada Pritchard, committed by the wife in the presence of said defendant and with his connivance, and by reason of the neglect, want of care, cruelty, failure, and refusal to provide suitable board, clothing, care, and attention, or a suitable bed or room to sleep in, or medical aid and assistance, this plaintiff was compelled to and did leave the home of the defendant; that the foregoing wrongful acts on the part of the defendant constituted a breach of the agreement entered into between plaintiff and said defendant."

The complaint then makes some allegations to the effect that the defendant agreed to put the contract in writing, and to carry out said agreement, and that plaintiff relied upon this promise, and would not have parted with his money, except for such promise, and that the defendant made such promise for the purpose of cheating and defrauding the plaintiff out of his money, and demands judgment for the sum of $4,200, with interest.

The defendant admitted the contract alleged in the complaint, and there was no evidence in the case calculated to support the allegation that the defendant, by his promise to put the agreement in writing, intended to cheat and defraud the plaintiff, so that the case as it was presented at the close of the testimony was merely an action for the breach of the defendant's contract to support his father during the latter's natural lifetime. This was charged by the learned court without objection on the part of the plaintiff, and the jury brought in a verdict for $3,500. On motion of defendant this verdict was set aside, on the ground that there was no evidence in the case to support the finding of damages.

Upon this appeal the plaintiff urges that the defendant's refusal to execute the written agreement was a breach of the contract entered into between plaintiff and defendant, and that the plaintiff is entitled to recover the amount paid by him upon the purchase price of the premises occupied by the defendant, without any reference to the question of damages. This is not the law of this case, upon the pleadings and evidence as they now stand. One can hardly be said to be damaged by a failure to put in writing a contract which the defendant admits to have been made, and as to which there is no dispute as to any of the details, and the allegations of the complaint are that the breach consisted in the wrongful acts of the defendant by which the plaintiff was deprived, not of the written agreement, but of the benefits of an agreement conceded to exist. Under such circumstances the plaintiff is clearly not entitled to a return of his money, but to the damages resulting from a failure to perform the contract on the part of the defendant, and there should be evidence of the value of the contract to justify a verdict.

The order appealed from should be affirmed, with costs. All concur.