■ COLUMBIA WAX PRODUCTS COMPANY et al., Respondents, v. JORDAN L. KLAHN, JR., Appellant, and JOSEPH GORDON et al., Respondents-Appellants.— In an action to recover damages for injury to property, defendant Klahn and the other defendants (hereinafter called Gordon) separately appeal as follows from an amended and corrected judgment of the Supreme Court, Queens County, entered April 12, 1967, in favor of plaintiffs against all the defendants and in favor of the Gordon defendants against defendant Klahn on the cross claim of the Gordon defendants: Defendant Klahn appeals from the entire judgment and the Gordon defendants appeal from so much of the judgment as is in favor of plaintiffs against them. Judgment reversed, on the law and the facts, without costs, and new trial granted on the limited issue of damages. In our opinion, the proof allegedly sustaining the amount of the awards was highly unsatisfactory (cf. *Deutsch* v. *National Props.*, 19 A D 2d 823; 1 New York Law of Damages, § 435; *Steitz* v. *Gifford*, 280 N. Y. 15, 20). But, aside from the unsatisfactory proof as to damages, there was ample proof which would have justified a judgment in favor of plaintiffs against all the defendants and a judgment on the cross claim in favor of the Gordon defendants. In the circumstances herein, a new trial on the limited issue of damages is appropriate (cf. *Deutsch* v. *National Props.*, *supra*). Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ THALIA CORCILLO, Respondent, v. LILLIAN MELE, Appellant, et al., Defendants.— Order of the Supreme Court, Westchester County, dated August 28, 1967, reversed, without costs, and motion remanded to the Special Term for a hearing on the issues raised in the affidavits. In our opinion, the affidavits on the motion raised substantial issues of fact which could not properly be decided without a hearing. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

■ JOSEPH CRUMP, Respondent, v. CARL BERGER, as Public Administrator of the Estate of VERNON LEWIS, Deceased, et al., Appellants.— Judgment of the Supreme Court, Suffolk County, dated November 10, 1966, (1) reversed insofar as it is against defendant Tufano Contracting Corp., on the law and the facts, and new trial and severance granted as to said defendant, with costs to abide the event, and (2) affirmed insofar as it is against the other defendants, with one bill of costs jointly against them. In our opinion, the finding of negligence on the part of Tufano is against the weight of the evidence. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ M B STEEL CORP., Respondent-Appellant, v. UNITED STEEL WAREHOUSE CORP., Appellant-Respondent.— Order of the Supreme Court, Nassau County, dated January 24, 1967, affirmed, without costs. No opinion. Judgment of said court dated December 23, 1966 and made after a nonjury trial modified, on the law and the facts, by increasing the principal amount awarded to plaintiff from $10,554.43 to $11,582.03 and by increasing the interest and the total accordingly. As so modified, judgment affirmed, without costs. In our opinion, under the proof adduced at the trial, defendant was not entitled to any portion of its alleged setoff of $4,174. Apart from this, according to the trial court's view of the case the principal amount of the judgment should have been $10,654.43, but because of arithmetical error the award given therefor was $100 less. Beldock, P. J., Christ, Brennan, Hopkins and Munder, JJ., concur.