■ THOMAS J. DILLON, as Executor of MARY MAGNER, Deceased, Respondent, v. JAMES P. MAGNER et al., Appellants.— Defendants (the son and daughter-in-law of plaintiff's testatrix) appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Queens County, dated July 5, 1967, as is in favor of plaintiff against them, after a nonjury trial. Judgment reversed insofar as appealed from, on the law and the facts, without costs; complaint dismissed as to defendant Dorothy E. Magner, without costs; and new trial on the limited issue of damages on the first cause of action granted as against defendant James P. Magner, with severance of said cause as to him. The decedent and her son, defendant James P. Magner, entered into an agreement whereby she transferred real property to him and he agreed to pay to her "all sums necessary for her support and maintenance for and during her life time". Subsequently she transferred other real property to defendants, who supported her and took care of her until March 4, 1962 when they had her committed to Kings Park State Hospital, a mental institution. In or about September or October, 1962, she was released from Kings Park and she resided with one of her daughters until her (decedent's) death on December 25, 1965. In June, 1964 the decedent instituted this action, based on defendants' alleged breach of the agreement for her support. Plaintff continued the action after the decedent's death. As damages the trial court awarded plaintiff $115 a week for the period from March 4, 1962, the date that the decedent was confined in Kings Park, to December 25, 1965, the date of her death, a total of $22,770, plus interest. The amount awarded was based on the testimony of a nursing home administrator, allegedly an expert, that in 1962 the weekly rates charged in her nursing home for a private room, a fair and reasonable rate, were $110 to $115, that these rates were increased subsequently and that there were other expenses in the nursing home. This amount was fixed by the court despite the fact that the decedent was never in a nursing home and that there was

no proof that there was any bill for the period during which she was confined in Kings Park. Plaintiff offered no proof as to the actual cost of maintaining and supporting the decedent prior to her confinement in Kings Park or subsequent thereto. Defendants' proof as to the cost of maintaining and supporting her prior to her confinement in Kings Park was excluded as barred by the statute prohibiting testimony as to personal transactions or communications between a witness and a decedent (CPLR 4519). In an action to recover damages for breach of a contract to support for life, the promisee may recover her entire damages, including the value of her support for the period elapsed when the action was commenced plus the value of her future support (N. Y. Damages Law, § 704; *Schell* v. *Plumb,* 55 N. Y. 592; *McGill* v. *Malo,* 23 Conn. Supp. 447); and the amount of the award against the promisor may well be affected if the promisee dies prior to the trial (50 ALR 2d 622). The burden is on the plaintiff to show the value of the support furnished and to be furnished (N. Y. Damages Law, § 704; *Pritchard* v. *Pritchard,* 146 App. Div. 509) and he cannot recover a money judgment without proof as to damages (*Pritchard* v. *Pritchard, supra*). In such an action, the measure of damages is the fair value of support and maintenance of the person to be supported (*Case* v. *Case,* 137 App. Div. 393, revd. on other grounds, 203 N. Y. 263; *McArthur* v. *Gordon,* 126 N. Y. 597, 610, 614; 50 ALR 2d 614; *McGill* v. *Malo, supra*; cf. *Pritchard* v. *Pritchard,* 134 App. Div. 301; *Pritchard* v. *Pritchard,* 146 App. Div. 509, *supra*). The general rule is that "In fixing damages the object generally is to compensate or to indemnify, that is, to put the plaintiff in as good a position as he would have been had the defendant abided by its agreement * * *. There is no rule of thumb to be applied to any given set of facts. We must look to the nature of the contract and the circumstances surrounding its breach" (*New York Water Serv. Corp.* v. *City of New York,* 4 A D 2d 209, 213). In our opinion, the proof did not justify a finding that the decedent's daughter-in-law had joined with her husband in assuming liability for the decedent's support. It is also our opinion that the trial court failed to give proper weight to the facts that the burden was on plaintiff to show the value of the support furnished and to be furnished, that the proof as to damages was highly unsatisfactory, that proof as to the customary charges in a nursing home was not adequate proof as to damages sustained by the decedent as a result of the breach of contract by her son, that there was no proof that she was financially damaged during the time that she was confined in Kings Park and that she could not elect to reside with a daughter who consented to her residing with her and yet charge defendants at nursing home rates (cf. *McArthur* v. *Gordon,* 126 N. Y. 597, *supra*). In the circumstances herein, a new trial on the limited issue of damages is appropriate (cf. *Columbia Wax Prods. Co.* v. *Klahn,* 29 A D 2d 560). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.