ROBERT MANNIELLO et al., Doing Business as LAND DESIGN ASSOCIATES, Respondents-Appellants, v STANLEY J. DEA, Appellant-Respondent.

Third Department, April 7, 1983

APPEARANCES OF COUNSEL

*Pelletreau & Pelletreau* (*John J. Roe, III,* of counsel), for appellant-respondent.

*Blodnick, Schultz & Abramowitz* (*Jules A. Epstein* of counsel), for respondents-appellants.

OPINION OF THE COURT

MAHONEY, P. J.

Since both parties have centered their appellate briefs and oral arguments on the February 4, 1982 judg-

ment, which dismissed plaintiffs' verified amended complaint and granted judgment in favor of defendant based on certain of his counterclaims contained in the verified answer and counterclaims, we shall deal summarily with cross appeals from the December 17, 1981 order which denied motions by both parties to renew or reargue the prior decision of the court.* A careful reading of the affidavits in support of the motion and cross motion readily reveals that neither supporting document contains any new or different factual evidence that was not presented to the trial court. Accordingly, we regard both the motion and cross motion as motions to reargue. Since the court denied both motions, the resultant order is not appealable (see, e.g., *Matter of County of Nassau v State Bd. of Equalization & Assessment of State of N. Y.*, 91 AD2d 53).

In January of 1977, defendant, owner of approximately 149 acres of real property in Delaware County, contracted with plaintiff company to subdivide defendant's land into 25 plots and to construct an access road to the plots. On September 12, 1978, defendant informed plaintiffs that the road was too narrow, too steeply graded and provided improper access to the plots. When the parties were unable to agree as to how to correct the problems, defendant, by letter dated February 3, 1979, terminated the contract. Defendant hired a different contractor who rerouted the road.

Subsequently, plaintiffs commenced an action for breach of contract. Defendant answered and counterclaimed alleging that plaintiffs had failed to perform their contractual obligations and, as a direct result, defendant had been damaged. After a nonjury trial, the court, in a decision dated September 10, 1981, dismissed the complaint and awarded defendant $10,777.60 in damages plus interest and disbursements. Both parties have appealed.

■ We quickly affirm that portion of the judgment which dismissed the complaint. The trial court's findings that the original road was negligently designed, located and con-

---

* Both parties filed one notice of appeal wherein they both appeal those portions of the December 17, 1981 order denying reargument or renewal as well as those portions of the December 17, 1981 order repeated in the February 4, 1982 judgment, which dismissed the complaint and awarded damages to defendant.

structed in a manner that caused it to be too narrow and steeply graded as well as providing inadequate access to the plots were preponderantly supported by the evidence.

Turning to defendant's contentions, we conclude that the trial court, in awarding defendant the amount of money he had paid plaintiffs for work performed prior to contract termination, employed an improper measure of damages for breach of the construction contract. Upon such a breach, the injured party may recover as damages the amount which will put him in as good a position as he would be in if the contract had been performed in accordance with its terms (see 13 NY Jur, Damages, § 58, p 506). Application of this rule allows an injured party to recover as damages the cost to complete performance or to remedy defects in such performance (see *Bellizzi v Huntley Estates,* 3 NY2d 112, 115; *City School Dist. of City of Elmira v McLane Constr. Co.,* 85 AD2d 749, mot for lv to app den 56 NY2d 504). Given our affirmance of the trial court's findings that the road constructed by plaintiffs was too narrow, too steep, as well as improperly located and constructed, it is clear that defendant could not remedy the defects in plaintiffs' performance without rerouting the road. Thus, the cost of substantial reconstruction should have been used as the measure of damages for breach of this construction contract (see *City School Dist. of City of Elmira v McLane Constr. Co., supra*). Accordingly, defendant is entitled to recover $25,930, the proved costs to relocate and build the new road.

Further, in addition to damages for costs to relocate and construct the new road, defendant is entitled to damages for costs to restore his land to its original condition since the remnants of the original road cut through many of the lots which defendant proposes to sell, thereby decreasing the sale potential of these lots. In New York, the proper measure of damages for permanent injury to real property is the lesser of the decline in market value and the cost of restoration (*Jenkins v Etlinger,* 55 NY2d 35, 39). Here, defendant presented evidence as to the cost to restore the property in 1979 but defendant's contractor testified that parts of the original road had grown over and did not need restoration. Therefore, since the record is unclear as to the

amount of defendant's property in need of restoration, any award for such damage would be speculative. Where damages are shown to exist but proof as to amount is insufficient, remand for a new trial as to those damages is appropriate (see *Dillon v Magner,* 29 AD2d 759; *Columbia Wax Prods. Co. v Klahn,* 29 AD2d 560).

Defendant's contention that he should also be awarded damages for loss of profit is rejected. While lost profits may be recovered if the injured party can establish a reasonable basis for computing the amount of damages (see *R & I Electronics v Neuman,* 66 AD2d 836), a new business, as here, will not be allowed to recover anticipated profits since no basis exists upon which to estimate the amount of the lost profits (see *Freund v Washington Sq. Press,* 41 AD2d 371, mod on other grounds 34 NY2d 379).

Lastly, we reject plaintiffs' contention that defendant failed to mitigate his damages. If such a failure exists in the record, and we perceive none, it was plaintiffs' burden to establish that defect in defendant's proof. They failed to meet that burden (see *Cornell v T. V. Dev. Corp.,* 17 NY2d 69, 74; *Golbar Props. v North Amer. Mtge. Investors,* 78 AD2d 504, affd 53 NY2d 856).

The order entered December 17, 1981 should be affirmed, without costs.

The judgment entered February 4, 1982 should be modified, on the law and the facts, by increasing the damages for relocation of the road from $10,777.60 plus interest and disbursements to $25,930 and remitting for trial the issue of damages for permanent injury to real property, and, as so modified, affirmed, with costs.

MAIN, MIKOLL, YESAWICH, JR., and WEISS, JJ., concur.

Order entered December 17, 1981 affirmed, without costs.

Judgment entered February 4, 1982 modified, on the law and the facts, by increasing the damages for relocation of the road from $10,777.60 plus interest and disbursements to $25,930 and remitting for trial the issue of damages for permanent injury to real property, and, as so modified, affirmed, with costs.