■ SABBETH INDUSTRIES, LTD., et al., Appellants, v PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY, Respondent. [656 NYS2d 475] —Casey, J. Appeal from that part of an order of the Supreme Court (Rose, J.), entered March 28, 1996 in Tioga County, which denied plaintiffs' motion for compensatory or consequential damages.

Plaintiffs own, and since 1981 have operated, a sawmill in Tioga County. Defendant is a Pennsylvania insurance company doing business in New York that issued a policy of insurance covering plaintiffs' premises. On September 13, 1995, the sawmill and virtually all of its contents were destroyed by fire. The policy that was in force at that time provided property and contents coverage in the amount of $5 million and business interruption coverage in the amount of $2.83 million. Although defendant received timely notice of plaintiffs' loss, it conducted a lengthy investigation of plaintiffs' claims and, therefore, did not give plaintiffs formal notice until February 1, 1996 that it was disclaiming any and all liability and obligations under the policy.

By complaint and amended complaint respectively dated in November and December 1995, plaintiff sought to recover the proceeds of the policy for the damages sustained alleging, *inter alia*, breach of contract, defamation and deceptive practices. Contending that the disclaimer letter lacked specificity, plaintiffs thereafter moved for leave to serve a second amended complaint, which sought, *inter alia*, an increase in the amount of damages, including consequential damages on plaintiffs' breach of contract claim. Defendant opposed plaintiffs' motion and cross-moved for dismissal of any claim for consequential damages and all other causes of action, except the first two claims for breach of contract and declaratory judgment.

Supreme Court determined that plaintiffs, in support of their claim for consequential damages, were required to show that such damages were foreseeable and within the parties' contemplation at, or prior to, the formation of the insurance contract (*see, American List Corp. v U.S. News & World Report*, 75 NY2d 38, 43; *Sweazey v Merchants Mut. Ins. Co.*, 169 AD2d 43, 45, *lv dismissed* 78 NY2d 1072), and that plaintiffs neither pleaded nor proved that further liability for extraordinary damages resulting from defendant's breach had been within the contemplation of the parties at the time the policy was issued. Supreme Court found that the insurance policy lacked any express provisions or other language which would demonstrate that the recovery of consequential damages was contemplated. Therefore, although Supreme Court granted plaintiffs' motion as to the first two causes of action contained in the second amended complaint, it denied that part of plaintiffs' motion as sought consequential damages. The court granted defendant's cross motion to dismiss all other proposed claims. Plaintiffs appeal from so much of Supreme Court's order as denied them leave to seek compensation for consequential damages as part of their contract and declaratory judgment claims.

Plaintiffs claim that because defendant dishonored its coverage obligation, they have been forced to lay off their entire work force and shut down their business. Plaintiffs also contend that their claim for consequential damages is for the lost value of their business as the result of defendant's breach of the insurance contract in disclaiming liability and in failing or refusing to continue to make interim payments to plaintiffs so that they could continue their business. Furthermore, plaintiffs claim irreparable harm by the resultant loss of their customers who have gone elsewhere in the lumber industry for their business supplies and requirements. Plaintiffs insist that they had in effect business interruption coverage and that defendant's brochure in relation thereto, entitled "Can Your Business Survive A Major Disaster", specifically states that business income or business interruption coverage is designed for the specific purpose of compensating a business for the loss of its ability to generate sufficient gross income during a period of full or partial impairment. The brochure further states that such coverage typically provides protection by providing compensation for net income and compensation for the cost of continuing normal expenses, including payroll. The business income coverage form states that plaintiffs were entitled to such compensation.

Contrary to the view of Supreme Court, we find immaterial

the lack of express provisions or other language in the policy that would demonstrate that the recovery of consequential damages was contemplated. "It is well established that in actions for breach of contract, the nonbreaching party may recover general damages which are the natural and probable consequence of the breach" and " 'such unusual or extraordinary damages [as] have been brought within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting' " (*Kenford Co. v County of Erie*, 73 NY2d 312, 319, quoting *Chapman v Fargo*, 223 NY 32, 36). To determine those damages which are reasonably contemplated by the parties, "the nature, purpose and particular circumstances of the contract known by the parties should be considered * * * as well as 'what liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made' " (*Kenford Co. v County of Erie, supra*, at 319, quoting *Globe Ref. Co. v Landa Cotton Oil Co.*, 190 US 540, 544 [citations omitted]).

In view of the fact that plaintiffs maintained business interruption coverage and in view of the specific protection that such coverage provides, we conclude that consequential damages were reasonably foreseeable and within the contemplation of these parties. The very purpose of business interruption coverage would make defendant aware that if it breached the policy it would be liable to plaintiffs for damages for the loss of their business as a consequence of its breach or made it possible for plaintiffs reasonably to suppose that defendant assume such damages when the contract was made. Contrary to the conclusion of Supreme Court, plaintiffs did plead that the further liability for extraordinary damages was within the contemplation of the parties at the time the contract was made when they pleaded that they had to lay off their entire work force and close down operation due to defendant's refusal to pay their claim and to continue the interim payments that were made.

Having so concluded, we modify the order on appeal by reversing so much of Supreme Court's order as denied that part of plaintiffs' motion seeking consequential damages.

White, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion for leave to serve an amended complaint adding a claim for consequential damages; motion granted to that extent; and, as so modified, affirmed.