■ R.W. GRANGER & SONS, INC., Respondent, v CITY SCHOOL DISTRICT OF ALBANY, Appellant. [744 NYS2d 567] —Crew III, J.P. Appeal from a judgment of the Supreme Court (Maney, J.), entered April 26, 2001 in Albany County, upon a decision of the court in favor of plaintiff.

In April 1994, plaintiff was awarded the prime contract for a renovation and addition project at the Albany School of Humanities located in the City of Albany. The contract between plaintiff and defendant encompassed three phases and, as relevant to this case, Phase II dealt primarily with the construction of an addition to the school and was to be completed by February 7, 1995. However, numerous delays extended the scheduled date of completion and, in May 1995, the parties agreed that Phase II was to be substantially completed by June 23, 1995, with total completion by September 5, 1995. While Phase II was completed on June 23, 1995 to the extent that defendant was able to move furniture and materials into the building, defendant nevertheless terminated the contract on June 28, 1995 because of plaintiff's failure to timely progress its work pursuant to the terms thereof. As a consequence, plaintiff commenced the instant action alleging that it was wrongfully terminated. Following a nonjury trial, Supreme Court determined that plaintiff's termination was without cause and awarded plaintiff $1,412,745 in stipulated damages, plus interest. Defendant now appeals.

We affirm. The trial evidence and exhibits are far too voluminous for lengthy recitation here. However, plaintiff's expert engineer, Thomas Fertitta, testified that based upon his "critical path" analysis, the project was delayed for a total of 133 days. Of the 133 days, Fertitta attributed all but 15 days to defendant and its agents by reason of their failure to coordinate the work of the various prime contractors and to prepare adequate construction schedules. These failures, in turn, resulted in the mechanical, electrical and plumbing work interfering with plaintiff's work, thereby causing the complained of delay. Fertitta attributed only 15 days of the delay to plaintiff which, in his opinion, was neither substantial nor material to completion of the project. To be sure, there was contrary testimony on the part of defendant's expert, but this merely presented a credibility determination for the trial court to resolve, and its determination in this regard is entitled to deference due to its ability to observe the tenor and demeanor of the witnesses (see, Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).

With regard to the 15 days of delay attributable to plaintiff,

defendant urges that such is sufficient to justify termination of the contract based upon Article XIX thereof, which provides, inter alia, that plaintiff's "fail[ure] to comply with *any* of the terms" of the contract would constitute a basis for termination (emphasis supplied). As to defendant's argument on this point, we have two observations. First, the 15-day delay attributable to plaintiff was from December 13, 1994 to January 10, 1995, and the record makes plain that subsequent to such delays, the parties mutually agreed to an extension of the completion date of the contract and plaintiff continued working thereon. Under the circumstances, defendant waived any complaint as to that 15-day delay (*see, General Supply & Constr. Co. v Goelet*, 241 NY 28, 33). Moreover, to permit such an insignificant delay to constitute a basis for termination would amount to a forfeiture, which the courts in this state are loath to enforce (*cf., J.N.A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 397-398).

Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.