■ DANKA OFFICE IMAGING COMPANY, Appellant, v GENERAL BUSINESS SUPPLY, INC., Respondent. [758 NYS2d 178] —Rose, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered July 11, 2002 in Albany County, upon a decision of the court in favor of defendant.

Plaintiff commenced this action for breach of contract to recover $19,670.47 in unpaid installments allegedly owing under two equipment service agreements between the parties. These successive written agreements covered one used, high-speed, computer network printer that came into the possession of defendant, a commercial printer, as a result of plaintiff's proposal that defendant lease or purchase two such printers at low cost from a third party while paying plaintiff to maintain the printers under a service agreement. Although it never leased or purchased either one of the printers, defendant did receive them, attempted to use one of them for several months, and executed two service agreements referencing that one printer. As a defense and counterclaim, however, defendant asserted that plaintiff never successfully performed an ancillary oral contract in which plaintiff allegedly had agreed to integrate the printer into defendant's existing computer network so that documents transmitted from local and remote computers connected to the network could be successfully printed. The consideration for this contract was defendant's payment of $3,500.

Viewing plaintiff's performance of the oral contract as a condition precedent, Supreme Court (McNamara, J.), in its decision denying summary judgment to both parties, found a question of fact as to the threshold issue of whether the parties' oral agreement had required plaintiff to make the printer fully functional on defendant's network or to merely bring the printer itself up to its manufacturer's specifications. Although the parties' motion papers are not included in the record on appeal, we note that the court stated: "The parties are in apparent agreement that the service contract was to be effective only if a condition was met." After a nonjury trial, Supreme Court (Malone, Jr., J.) found that performance of the oral contract had been a condition precedent to the service agreements going into effect, the contract had required plaintiff to make the printer function successfully on defendant's network, and plaintiff had failed to perform as promised. Based on these findings, the court dismissed plaintiff's causes of action and awarded defendant damages on its counterclaims in the amount of $25,119. Plaintiff appeals.

In reviewing the decision rendered following a nonjury trial,

"we independently review the weight of the evidence presented and grant judgment warranted by the record, giving due deference to the trial court's determinations regarding witness credibility" (*Riggs v Benning*, 290 AD2d 716, 717 [2002] [citations omitted]; *see Burton v State of New York*, 283 AD2d 875, 877 [2001]). Additionally, where, as here, one of the issues is whether the parties have entered into an oral agreement, " 'the court looks not to the parties' after-the-fact professed subjective intent, but rather at their objective intent as manifested by their expressed words and conduct at the time of the agreement' " (*Jump v Jump*, 268 AD2d 709, 710 [2000], quoting *Winkler v Kingston Hous. Auth.*, 259 AD2d 819, 823 [1999]).

While plaintiff now contends that performance of the oral contract was not a condition precedent and that the service agreement disclaimers bar defendant's claims, the evidence establishes that defendant executed the service agreements premised on plaintiff's oral promise that the printer would be fit and operational for defendant's purposes. Plaintiff's own witnesses testified that use of the printer on the network was integral and necessary to the type of printing defendant wished to perform, and plaintiff's employees both brought the printer up to manufacturer's specifications and physically connected it to defendant's existing network. Defendant's expert, John Deep, testified that the printer's inability to perform as desired was the result of its incompatibility with a Sun Microsystems server, and other undisputed evidence showed that the server being used was furnished by plaintiff to resolve the printing problems. Thus, it is clear that plaintiff undertook to both make the printer function on the network and to resolve the difficulties in doing so by furnishing additional equipment. Supreme Court's finding that plaintiff breached the oral contract and that this breach prevented the service agreements from going into effect is based largely on a determination of the credibility of the witnesses' testimony (*see R.W. Granger & Sons v City School Dist. of Albany*, 296 AD2d 636, 636 [2002]), and our review of the record discloses no basis to disturb the finding (*see Silverman v Mergentime Corp./J.F. White, Inc.*, 252 AD2d 925, 926 [1998]).

We reach a different conclusion, however, as to three of the four items of damages awarded to defendant. In its counterclaim and at trial, defendant asserted that it was seeking only three items of consequential damages. First, John Smith, defendant's owner, testified that defendant made a good faith attempt to complete performance of the oral contract by paying Deep $8,100 for his efforts to make the printer functional on

defendant's network (*see Manniello v Dea*, 92 AD2d 426, 428 [1983]). Although Smith was unable to recall the exact amount paid to Deep until his recollection was refreshed by the counterclaim, he nonetheless professed sufficient personal knowledge of the actual amount to support Supreme Court's award (*see Electronic Servs. Intl. v Silvers*, 284 AD2d 367, 368 [2001], *lv dismissed* 97 NY2d 700 [2002]).

However, Supreme Court's award of the other two items of consequential damages finds no similar support in the record. To the extent that the court awarded defendant $6,594 for approximately 600 hours of work by defendant's employees in attempting to integrate the printer into its network, we note that Smith testified as to the number of hours worked, but neither he nor anyone else testified as to the value of this labor. Thus, the dollar amount awarded in the court decision is based solely on a statement in defendant's unverified counterclaim and must be reversed. Supreme Court's award of $6,925 as compensation for the "credits" given by defendant to one of its customers, First Albany Corporation, is also flawed. Smith testified that this amount could not be billed to First Albany due to the printer's failure to perform properly. Even assuming that this item of consequential damages was foreseeable and within the contemplation of the parties (*see e.g. American List Corp. v U.S. News & World Report*, 75 NY2d 38, 42 [1989]; *Sabbeth Indus. v Pennsylvania Lumbermens Mut. Ins. Co.*, 238 AD2d 767, 768 [1997]), we nonetheless find no record evidence of how much it cost defendant to attempt to perform the work or how much of the amount that could not be billed was the profit defendant had expected to earn (*see Ashland Mgt. v Janien*, 82 NY2d 395, 403 [1993]; *Route 7 Mobil v Machnick Bldrs.*, 296 AD2d 809, 810 [2002], *lv denied* 99 NY2d 501 [2002]).

Supreme Court's award of the fourth item of damages in the amount of $3,500, which represents the consideration paid by defendant to plaintiff pursuant to the oral contract, is precluded because there is no indication in the record that defendant ever pleaded or otherwise gave plaintiff notice that it was seeking such direct damages and never moved to conform its pleadings to the proof. While plaintiff moved at the close of its case to conform its pleadings to the proof pursuant to CPLR 3025 (c), and Supreme Court ultimately granted plaintiff's motion in its written decision, there is no indication in the record that defendant also sought or was granted such relief. Although the contract price is prima facie the measure of such damages (*see Ware Bros. Co. v Cortland Cart & Carriage Co.*, 192 NY 439,

442 [1908]), its appearance for the first time in Supreme Court's decision and order prejudiced plaintiff. Despite its concession of the amount paid by defendant, plaintiff could have sought to limit the award based on the grounds of partial performance, substantial performance or impossibility of performance, if it had been aware that such damages were being requested. Accordingly, under these circumstances, we conclude that defendant failed to establish its entitlement to any damages other than the $8,100 awarded to reimburse defendant for its payments to Deep.

Finally, we find no error in Supreme Court's designation of an intermediary date for interest to begin accruing on this damage award because the damages accrued at various times (*see* CPLR 5001 [b]). Since Deep worked for defendant from May to September 1998, we find the court's selection of July 31, 1998 was reasonable (*see Hanover Data Servs. v Arcata Natl. Corp.*, 115 AD2d 403, 404 [1985], *lv denied* 68 NY2d 602 [1986]).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reducing the damages awarded to defendant to $8,100, and, as so modified, affirmed.