O'Keefe v Barra (2023 NY Slip Op 01829)

O'Keefe v Barra

2023 NY Slip Op 01829

Decided on April 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 6, 2023

535438 535924
[*1]Kathleen O'Keefe, Respondent-Appellant,
v
Elizabeth Barra, Appellant- Respondent.

Calendar Date:February 16, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Hegge & Confusione, LLC, New York City (Michael J. Confusione of counsel), for appellant-respondent.
Kathleen O'Keefe, Palenville, respondent-appellant pro se.

Egan Jr., J.P.
Appeals (1) from an order of the Supreme Court (Peter A. Lynch, J.), entered April 22, 2022 in Albany County, which granted plaintiff's motion for summary judgment and dismissed defendant's counterclaims, and (2) from an order of said court, entered July 27, 2022 in Albany County, which denied plaintiff's motion for prejudgment interest.
Defendant, a dentist, and her then-husband, an attorney, entered into a separation agreement in February 2011. In January 2013, defendant commenced an action seeking a divorce due to their having "lived separate and apart pursuant to" that agreement for over a year or, in the alternative, due to the irretrievable breakdown of the marriage (Domestic Relations Law § 170 [6]; see Domestic Relations Law § 170 [7]). Defendant's husband answered and counterclaimed both to set aside the separation agreement and for a divorce based upon the irretrievable breakdown of the marriage. After the trial in the action began in December 2013, defendant became concerned about how her then-attorney was handling the matter and retained plaintiff to represent her going forward. Plaintiff did so by moving for, among other things, an order directing defendant's husband to pay child support as directed by the separation agreement as well as for belated permission to present expert testimony at trial, and then seeing the trial through to its conclusion. Following trial, Supreme Court (Breslin, J.) issued a judgment in July 2015 that declined to set aside the separation agreement, dismissed the counterclaims and granted defendant the conversion divorce that she had sought.
Beginning in February 2014, plaintiff periodically sent invoices to defendant detailing the legal services that had been provided and the amount of money that defendant owed. Defendant made partial payment, and plaintiff agreed to credit defendant for dental services she provided to plaintiff's son in 2015. Defendant made no further payments after November 2015, however, notwithstanding correspondence from plaintiff inquiring about the bill, offering to work out a payment schedule and notifying defendant that she was entitled to demand arbitration of any dispute over the amount sought (see 22 NYCRR 137.6). Plaintiff accordingly commenced this action in December 2020, asserting claims of breach of contract and account stated and seeking to collect $54,428.62, the unpaid balance of the invoices. Defendant answered and counterclaimed for damages arising out of plaintiff's alleged legal malpractice and violation of Judiciary Law § 487. Plaintiff thereafter moved for summary judgment on the complaint, as well as for dismissal of the counterclaims on the grounds that they were time-barred and failed to state a claim. In an order entered in April 2022, Supreme Court (Lynch, J.) granted plaintiff's motion for summary judgment in its entirety. Thereafter, in an order entered in July 2022, Supreme Court denied plaintiff's motion seeking prejudgment interest accruing from May [*2]23, 2015, the alleged date of the breach. Defendant appeals from the April 2022 order, and plaintiff appeals from the July 2022 order.
Turning first to the April 2022 order granting plaintiff's motion for summary judgment, plaintiff established a prima facie claim for account stated via proof that defendant executed a retainer agreement and that plaintiff regularly sent defendant invoices for her fees and expenses that were retained without objection (see Schlenker v Cascino, 124 AD3d 1152, 1153 [3d Dept 2015], lv denied 25 NY3d 904 [2015]; Whiteman, Osterman & Hanna, LLP v Oppitz, 105 AD3d 1162, 1163 [3d Dept 2013]). Similarly, plaintiff satisfied her initial burden of establishing her breach of contract claim with evidence that she had performed her obligations under the retainer agreement, as well as "various invoices which reflect that defendant failed to pay" plaintiff's fees and expenses (George S. May Intl. Co. v Thirsty Moose, Inc., 19 AD3d 721, 722 [3d Dept 2005]; see Saint James' Episcopal Church v F.O.C.U.S. Found., 47 AD3d 1058, 1059 [3d Dept 2008]; Bombardier Capital v Reserve Capital Corp., 295 AD2d 793, 794 [3d Dept 2002]).
The burden accordingly shifted to defendant to raise a material question of fact on those claims, which she endeavored to do in an unsworn, albeit notarized, "response." With regard to plaintiff's account stated claim, defendant asserted, without corroboration, that she had objected to the invoices at various points, but those "self-serving, bald allegations of oral protests were insufficient to raise a triable issue of fact as to the existence of an account stated" (Darby & Darby v VSI Intl., 95 NY2d 308, 315 [2000]; accord Schlenker v Cascino, 124 AD3d at 1153). As for plaintiff's breach of contract claim, defendant focused, in relevant part, upon what she perceived as deficiencies in plaintiff's performance under the retainer agreement.[FN1] That said, defendant obtained the relief she had demanded in her divorce complaint as a result of plaintiff's representation — representation that, to reiterate, began after discovery had been completed and a trial was underway — and defendant provided nothing beyond her own speculation to suggest that the additional legal steps she purportedly sought from plaintiff, to the extent that they were within the scope of the representation, would have succeeded at that late date or that plaintiff's failure to take them actually damaged her. As such, defendant also failed to raise a material question of fact with regard to either the performance or damages elements of plaintiff's breach of contract claim (see e.g. Bullock v Miller, 145 AD3d 1215, 1217-1218 [3d Dept 2016]; Miazga v Assaf, 136 AD3d 1131, 1134 [3d Dept 2016], lv dismissed 27 NY3d 1078 [2016]; Chamberlain, D'Amanda, Oppenheimer & Greenfield, LLP v Wilson, 136 AD3d 1326, 1328-1329 [4th Dept 2016], lv dismissed 28 NY3d 942 [2016]). It follows that, as a result, plaintiff's motion for summary judgment was properly granted[*3].
Finally, with regard to the July 2022 order, we agree with plaintiff that her motion seeking an award of prejudgment interest should have been granted. Supreme Court faulted plaintiff for waiting until 2020 to commence this action to recover monies owed as a result of a legal representation that ended in 2015 but, as prejudgment interest only compensates the judgment creditor for the loss of use of money he or she was owed and is not a penalty, the "responsibility for the delay [in bringing suit] should not be the controlling factor in deciding whether interest is to be computed" (Love v State of New York, 78 NY2d 540, 544 [1991]; see NML Capital v Republic of Argentina, 17 NY3d 250, 266 [2011]; Spodek v Park Prop. Dev. Assoc., 96 NY2d 577, 581-582 [2001]; Gizzi v Hall, 309 AD2d 1140, 1142 [3d Dept 2003]). Rather, prejudgment interest in a breach of contract action is required by CPLR 5001, running "from the earliest ascertainable date on which the prevailing party's cause of action existed '[or,] if that date cannot be ascertained with precision, . . . from the earliest time at which it may be said the cause of action accrued' " (Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel, 243 AD2d 877, 880 [3d Dept 1997], quoting Govern & McDowell v McDowell & Walker, 75 AD2d 979, 980 [3d Dept 1980]; see CPLR 5001 [b]; Danka Off. Imaging Co. v General Bus. Supply, 303 AD2d 883, 886 [3d Dept 2003]). Supreme Court determined in the April 2022 order that plaintiff's claim for breach of contract accrued when she completed her legal services on May 23, 2015. Thus, plaintiff was entitled to prejudgment interest running from that date.
Clark, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order entered April 22, 2022 is affirmed, without costs.
ORDERED that the order entered July 27, 2022 is reversed, on the law, without costs; motion granted; and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: By failing to raise it in her brief on appeal, defendant has abandoned any argument regarding Supreme Court's dismissal of her legal malpractice counterclaim as time-barred and her Judiciary Law counterclaim as time-barred and legally insufficient (see JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1199 [3d Dept 2017]). Nevertheless, as those claims "arise out of the same transaction as a claim asserted in the complaint," they "are not barred by the [s]tatute of [l]imitations" to that extent, and defendant appropriately argues that they raised questions of fact as to plaintiff's representation and damages that would defeat plaintiff's motion for summary judgment (Bloomfield v Bloomfield, 97 NY2d 188, 193 [2001]; see CPLR 203 [d]; Debevoise & Plimpton LLP v Candlewood Timber Group LLC, 102 AD3d 571, 572 [1st Dept 2013]).