Uzamere v State of New York (2025 NY Slip Op 04128)

Uzamere v State of New York

2025 NY Slip Op 04128

Decided on July 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 10, 2025

CV-23-2095
[*1]Cheryl D. Uzamere, Appellant,
v
State of New York, Respondent.

Calendar Date:May 29, 2025

Before:Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ.

Cheryl D. Uzamere, Brooklyn, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.

Appeal from an order of the Court of Claims (Christopher McCarthy, J.), entered August 8, 2023, which, among other things, granted defendant's motion to dismiss the claim.
The facts summarizing the considerable litigation that claimant has pursued since 2003 are presented more thoroughly in a companion appeal before this Court that is being handed down simultaneously (see Uzamere v Hochul, ___ AD3d ___ [3d Dept 2025] [decided herewith]). On the instant matter, claimant, acting in a self-represented capacity, filed the underlying claim in January 2023 alleging that defendant and various individuals acting on behalf of defendant committed acts constituting constitutional and common-law malice including fraud, abuse of process, violations of state law and violations of human rights laws. Defendant thereafter moved pre-answer to dismiss the claim pursuant to CPLR 3211 (a) (2) and (7). The Court of Claims granted defendant's motion and dismissed the claim on the basis that claimant's present claim asserted the same causes of action and factual allegations as a previously filed claim which the court had previously dismissed in a March 2023 order on the grounds raised. The court therefore adopted its previous reasoning and incorporated that order into its decision. The court additionally enjoined claimant from commencing any future actions in the court regarding the matters raised in her present claim without first obtaining prior approval. Claimant appeals.
As is the case in her two companion appeals (see Uzamere v Hochul, ___ AD3d ___ [3d Dept 2025] [decided herewith]; Uzamere v Kushner, ___ AD3d ___ [3d Dept 2025] [decided herewith]), claimant fails to assert a challenge directed at the actual grounds underlying the order on appeal (see O'Keefe v Barra, 215 AD3d 1039, 1041 n [3d Dept 2023], lv denied 40 NY3d 908 [2023]). Accordingly, her arguments, which are generally comprised of her longstanding claims of conspiracy, do not provide a basis for reversal (see Matter of Morris v New York State Police, 233 AD3d 1415, 1417 [3d Dept 2024]; Matter of Kurbatsky v International Conference of Funeral Serv. Examining Bds., 162 AD3d 1379, 1380 [3d Dept 2018]). Furthermore, claimant's arguments relating to the "unclean hands" of the Court of Claims or various state actors are improper, as they are raised for the first time in her reply brief (see Matter of O'Connor v Sharpe, 208 AD3d 1458, 1460 n 2 [3d Dept 2022]; Matter of Kurbatsky v International Conference of Funeral Serv. Examining Bds., 162 AD3d at 1380 n). Finally, claimant's failure to challenge the filing bar imposed by the subject order renders that argument abandoned (see People v Watford, 211 AD3d 1106, 1108 n 1 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]).
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.